TEXAS DEPARTMENT OF CRIMINAL JUSTICE - CORRECTIONAL INSTITUTIONS DIVISION

OFFENDER COMMUNICATION

TO OFFICIAL

<u>March 6, 2015</u>

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR 13 2015

CHRISTOPHER A. PRINE

CLERK

<u>To:</u> HONORABLE JANE BLAND, ACTING INDIVIDUALLY, J U S T I C E

<u>From:</u> Offender David Cash Moore, Member, Prison Justice League; TDCJ-CID #801362, Volunteer Chaplain's Musician, B'Nei Noach (religious affiliation)

<u>Subject:</u> Appellate case Number: 01-14-00790-CV, Senrick Wilkerson v. Ramsey 1 Unit, Trial court case number: 78470-I

Trial court: 412th Judicial District Court of Brazoria County

**REQUEST FOR ORDER TO PROVIDE ACCESSIBILITY TO FEDERAL DEPOSITORY GOVERNMENTAL DOCUMENTS LIBRARY HOLDINGS OF TEXAS STATE LIBRARY SYSTEM**

(Cases cited by Justice Jane Bland in order signed January 27, 2015, Appellate Cause No. 01-14-00790-CV)

STATE OF TEXAS §
§
COUNTY OF BRAZORIA § Offenders Unsworn Declaration in Lieu of Affidavit

I, David Cash Moore, TDCJ-CID #801362, being presently confined in the Ramsey One Unit, Brazoria County, Texas (Rosharon, TX 77583-7670), declare under penalty of perjury the following is true and correct:

1. I came to know the appellant in the above-captioned cause, as I am a layman of the law, having had thousands of hours attendance *at law library* during my incarceration, now over seventeen (17) years. I provide free typing (offenders are allowed to purchase or obtain from indigent supply supplies for court communications) as a way to give back to society and as my own personal ministry, (based on my religious beliefs (see, e.g., asknoah.org) as a Noahide Jew,) and to hone my business communication skills, <u>inter</u> <u>alia</u>.

2. Texas Dep't of Criminal Justice - Correctional Institutions Division receives federal funds, on information and belief. The Texas State Law Library is listed as a Federal Depository Library Program participant, according to Government Printing Office ("GPO"), GPO Form 3844 (R6-03) P. 57479-1. A portion of court costs may be deducted for use/deposit/division into the county law library programming, or fees deducted for same, on information and belief.

1 of ___

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR 13 2015

CHRISTOPHER A. PRINE

CLERK

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - CORRECTIONAL INSTITUTIONS DIVISION

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR 13 2015

CHRISTOPHER A. PRINE

CLERK

OFFENDER COMMUNICATION

TO OFFICIAL

March 6, 2015

To: HONORABLE JANE BLAND, ACTING INDIVIDUALLY, J U S T I C E

From: Offender David Cash Moore, Member, Prison Justice League; TDCJ-CID #801362, Volunteer Chaplain's Musician, B'Nei Noach (religious affiliation)

Subject: Appellate case Number: 01-14-00790-CV, Senrick Wilkerson v. Ramsey 1 Unit, Trial court case number: 78470-I

Trial court: 412th Judicial District Court of Brazoria County

**REQUEST FOR ORDER TO PROVIDE ACCESSIBILITY TO FEDERAL DEPOSITORY GOVERNMENTAL DOCUMENTS LIBRARY HOLDINGS OF TEXAS STATE LIBRARY SYSTEM**

(Cases cited by Justice Jane Bland in order signed January 27, 2015, Appellate Cause No. 01-14-00790-CV)

STATE OF TEXAS §
COUNTY OF BRAZORIA § Offenders Unsworn Declaration in Lieu of Affidavit

I, David Cash Moore, TDCJ-CID #801362, being presently confined in the Ramsey One Unit, Brazoria County, Texas (Rosharon, TX 77583-7670), declare under penalty of perjury the following is true and correct:

1. I came to know the appellant in the above-captioned cause, as I am a layman of the law, having had thousands of hours attendance *at law library* during my incarceration, now over seventeen (17) years. I provide free typing (offenders are allowed to purchase or obtain from indigent supply supplies for court communications) as a way to give back to society and as my own personal ministry,(based on my religious beliefs (see, e.g., asknoah.org) as a Noahide Jew,) and to hone my business communication skills, inter alia.

2. Texas Dep't of Criminal Justice - Correctional Institutions Division receives federal funds, on information and belief. The Texas State Law Library is listed as a Federal Depository Library Program participant, according to Government Printing Office ("GPO"), GPO Form 3844 (R6-03) P. 57479-1. A portion of court costs may be deducted for use/deposit/division into the county law library programming, or fees deducted for same, on information and belief.

1 of ___

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR 13 2015

CHRISTOPHER A. PRINE

CLERK

State of Texas §
County of Brazoria § Civ. Prac. & Rem. Code § 132.003 Form of Declaration
(Continued...)

3. The GPO Form 3844 (R6-03) P. 57479-1, is available from the Library of Congress and incorporated by reference as if fully printed here, and includes the Texas State Library as a program participant.

4. Declarent Moore does not know how the State of Texas could save money by linking up with the Federal Depository Library System, but has experienced a dearth of holdings which the FDLP system, (albeit through a 'snail mail system' rendering the four month turn around, for access to courts purposes, meaningless,) sufficiently eradicates, as it contains almost every research reference in the Texas Codes Annotated series; e.g., (Law Review and Journal Commentaries:) (citation): "Prisoners' civil rights suits: A pompous delusion. Robert G. Doumar, 11 Geo.Mason U.L.Rev. 1 (1988)" or, "You have a right to remain silent. Michael Avery, 30 Fordham Urb. L.J. 571 (2003)." (See, FDLP @ acu.edu)

5. The crux/gravamen of the appellant's claims are that there is no complaint, or affidavit filed against him in Dallas Police Departments files, Cause nos. F10-01183 & F10-01184. If there is no complaint, nor probable cause affidavit, how can there be an indictment? TDCJ-CID Open Records agents are not required to produce anything as it is "discretionary", according to cases cited at Gov.'t Code§552.028.Request for Information from Incarcerated Individual. The Research References/"Encyclopedias" entries are not available, nor are the "Forms" listed in Vernon's Texas Codes Annotated Government Codes (2012 edition on shelf,) listed under § 552.028, **to an indigent offender①**

Executed this the 5th day of March, 2015:    X _David C. Moore_
David Cash Moore 801362
Ramsey One Unit
1100 FM 655
Rosharon, TX 77583-7670
(281) 595-3491

① Premises considered, it is my "expert" opinion that the court should order TDCJ-CID Access to Courts personnel, to insure Appellant be provided the case law it cites in its order, and, to provide the six-month account history for the relevant periods (based on the appeal filing date, specifically.) Furthermore, as is standard procedure, ordinarily, the designated access to courts unit authority should certify the account history as being true and correct by notarized documents, provided to the court at state expense.

TO

IN RE 2

SHERRY RADACK
CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND- - - - -CONFIDENTIAL
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
RUSSELL LLOYD
JUSTICES



# Court of Appeals
# First District of Texas
### 301 Fannin Street
### Houston, Texas 77002-2066

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700
FAX:    713-755-8131

www.txcourts.gov/1stcoa.aspx

January 27, 2015

Senrick Wilkerson
TDCJ #01885146
W. F. Ramsey Unit
1100 FM 655
Rosharon, TX 77583

**RE:  Court of Appeals Number:** 01-14-00790-CV   **Trial Court Case Number:** 78470-I

**Style:** Senrick Wilkerson
v.
Ramsey 1 Unit

On this date, an order was issued in the above-referenced cause. You may obtain a copy of the Court's order at http://www.search.txcourts.gov/CaseSearch.aspx?coa=coa01&s=c.

If you have been required to provide a valid e-mail address to the Court and accept electronic service as outlined in Rule 9.1(a) and 9.4(g), a copy of this Notice of Distribution will be sent to you electronically via email.

For more information about a particular case, please visit the Court's website at http://www.txcourts.gov/1stCOA.

Sincerely,

Christopher A. Prine, Clerk of the Court
By Cheryl Roberts, Deputy Clerk

cc:   Jill Friedrichs (DELIVERED VIA E-MAIL)
Judge 412th District Court (DELIVERED VIA E-MAIL)
Rhonda Cross Barchak (DELIVERED VIA E-MAIL)

**Justices**

WILLIAM J. BOYCE
TRACY CHRISTOPHER
MARTHA HILL JAMISON
SHARON MCCALLY
J. BRETT BUSBY
JOHN DONOVAN
MARC W. BROWN
KEN WISE

**Chief Justice**
KEM THOMPSON FROST

**Clerk**
CHRISTOPHER A. PRINE
PHONE 713-274-2800



# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Wednesday, October 08, 2014

## NOTICE OF ORDER DISTRIBUTION

| | |
|---|---|
| Judge, 412th District Court | David Cash Moore |
| Brazoria County | TDCJ# 801362 |
| 111 E. Locust Street | Ramsey One Unit |
| Angleton, TX 77515 | 1100 FM 655 |
| | Rosharon, TX 77583-7670 |

Jill Friedrichs
Deputy Court Reporter
412th District Court
111 E. Locust, Room 201
Angleton, TX 77515
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:     14-14-00738-CV
        Trial Court Case Number:     733031

Style:  David Cash Moore
        v.
        Sharon D. Allen, Et Al

On this date, an order was issued in the above-referenced cause. You may obtain a copy of the Court's order at http://www.search.txcourts.gov/casesearch.aspx?coa=coa14.

For more information about a particular case, please visit the Court's website at http://www.14thcoa.courts.state.tx.us/..

CHRISTOPHER A PRINE, CLERK

Cause No. --730331

| | | |
|---|---|---|
| David Cash Moore 801362, pro se, Intervenor/Appellant | § | In the District Court of |
| Danny Jones, Plaintiff/Petitioner | § | BRAZORIA COUNTY, TEXAS |
| v. | § | |
| Sharon Allen, et al, and, TDCJ-CID, Appellees | § | 412th JUDICIAL DISTRICT |

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
MAR 16 2015
CHRISTOPHER A. PRINE
CLERK

(DRAFT) AGREED UPON BILL OF EXCEPTIONS
(PURSUANT TO RULE 33.2, RULES OF APPELLATE PROCEDURE)

TO THE ASSISTANT ATTORNEY GENERAL REPRESENTING SHARON ALLEN, ET AL, AND TDCJ-CID, Appellees:

Intervenor/Appellant David Cash Moore seeks Rules of Appel-0 late Procedure 33.2(c) **agreement** on the contents of this bill of exception and signature, upon agreement, from the Honorable W. Edwin Denman, Judge of the 412th Judicial District, as follows:

1. It is indisputable that on 12/11/14, (see I-0025 TDCJ-Inmate Trust Fund, Inmate Request For Withdrawal, enclosed with original draft presented to Judge Denman prior to his letter to Appellant David Cash Moore, Intervenor, dated October 17, 2014, copy provided to Matthew Greer, Assistant Attorney General by court on or about October 17, 2014,) Intervenor Moore had funds with which to pay court costs/partial court costs of $75.00, and that a six-month account history is a part of the record in this cause, reflecting evidence of that about being available, certified/notarized by Mrs. A. Leicht, Unit Law Librarian, Open Records Clerk, and Access To Courts, Counsel, & Public Officials' Unit representative.

2. There is an apparent state-created impediment having to do with lengthy processing times for inmate withdrawls that could be resolved by using a 'point-of-sale'-type technical upgrade to the TDCJ-CID computer system, as well as it being feasible to install a PACER legal document filing system within TDCJ-CID law libraries, without significantly increasing security risks (i.e., controlled through a central processing center within TDCJ; adding proficiency,

Page 1 of ___

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
MAR 13 2015

3.    Moore has consistently sought through this action establishment of technological advancement in accessibility to programs increasing legal research capabilities of inmates similarly situated, not unlike the Plaintiff (Jones), via Federal Regional Depository Library Program, that Moore has used in the past, albeit by paying for copies at/through Abilene Christian University (specifically, lbaker@acu.edu,) and has unseccessfully petitioned the court for a copy of the docket sheet in <u>Danny Jones v. Sharon Allen, et al</u>, <u>prior to the hearing</u> by "submission." Moore also requested~~application~~ *of application* of Civil Practices & Remedies Code §14.008 **Hearing,** objecting to hearing "by submission." *JS*

4.    There is no known "hearing by submission" known to exist in normal jurisprudence as evidenced by Black's Law Dictionary,* and by looking, also, at West's Texas Digest 2d (2006 ed., currently on holdings in the Ramsey One Unit law library, Volume 69.)  Civil Practices & Remedies Code §14.008 provides for a recording of any hearing held under that inmate litigation statute.
*(9th Edition, 2009)

5.    A defendant in <u>Danny Jones v. Allen, et al</u>, namely, Officer Steen, was the officer on duty when court costs fees were attempted to be made by Moore through the Inmate Withdrawal system Mr. Steen administered at the time, but failed to timely submit to the office, headquartered in Huntsville, Texas.

6.    Moore may have filed a Motion To Suppress, not unlike Plaintiff Jones, to prevent illegally obtained evidence.

7/    The grievance system as applied did not afford Moore relief.

8.    Moore's phone credits (purchased through Inmate Trust Fund) were not able to be spent as a sanction for a major disciplinary. The grievance/disciplinary records do not identify as punishment, suspension of phone privileges explicitly on the disciplinary work sheet.

9.    Angela Woolam, who is a law librarian for Brazoria County, stated that she has no obligation to provide Moore with copies (pre-paid, or not) of Local Government Code, which the clerk

Page __2__ of ____

provides to litigants ("LGC") on an information sheet along with a fees list. Part of the court fees includes a law library fee. A person of reasonable intelligence could conclude that —based on Moore's communications with the court— Moore was seeking case law and Local Government Bodes (Annotated), which are not available to Moore without outside help/assistance/accessibility to electronic holdings (e.g., lbaker@acu.edu, a Federal Regional Depository Library Program participant...facilitator...) and moreover even there, unavailable completely to those with no funds in their Inmate Trust Fund Accounts. Moore has filed several documents with the court showing he's been allowed access to same when he has/had funds on his Inmate Trust Fund, namely,.Texas State Library 1201 Brazos Street, Austin, Texas, 78701 (512) 463-5455, as found on Government printing Office "GPO" Form 3844 (R6-03) P. 57479-1. And, a part of the court costs is deducted for use/division into the county's law library programming, or a part of the court's fees collected is deducted for use/division into the county's law library programming.

10. Had Moore been given a disciplinary deducting funds from his Inmate Trust Fund, he could maintain a suit against the same defendants, i.e., a judicial review could be had under V.T.C.A. Government Code Section 500.002, under similar circumstances, as those suffered by Jones in the instant suit.

11. Moore could have received as a part of discovery or for the purposes of in camera review by the courty copies of his entire disciplinary file, (that relevant for review, like that produced and provided for the court, of Jones' disciplinary file...).

12. Based on documents (official I-60) addressed to Ms. Hone, the unit's grievance investigator ("UGI"), dated 6/6/2014, Moore attempted to prepare for a "Court Hearing Scheduled Deadline June 17, 2014," by obtaining copies of/viewing his grievance files and was denied entirely.

13. Moore was allowed to proceed on appeal in forma pauperis, and provided a loaner copy of the record of the court proceedings pursuant to precedent, Rubin M. Cook v. The State of Texas, 611

@.W.2d 87, so that the appellate court "...with its tremendous case load should not be expected to leaf through a voluminous record hoping to find the matter raised by appellant and then speculate whether it is that part of the record to which appellant had referenced."

14. Moore sent to the lower court a first draft of a Formal Bill of Exception with enclosures listed as follows:

    a. I-60 Inmate Request To Official Form 06 JUN 2014-stamped

    b. L. Gonzalez, Craftshop Supervisor notice of insufficient funds to process (also enclosed, see below) I-0025.

    c. I-0025 Relevent to show obstruction of Inmate Trust Fund account funds by Officer Steen, a defendant in suit, not a part of the disciplinary received by Moore (sanction). (Note: Offender[s] retain liberty interests in the funds in their Trust Fund Accounts.)

    d. Relevant Step 1/2 #2014148292, in forma pauperis/account history form (completed) (See "Mailbox Rule" Houston v. Lack, ad loc)

15. A specific objection as to a ruling or action of the Court that is otherwise not a part of the appellate record is that iterated, in Lewis v. Casey (116 S.Ct. 2174 (1996) @ page 2179, subsection "A", "It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the rôle of courts, but that of the political branches, to shape the institutions of goevernment in such fashion as to comply with the laws and the Constitution. In the context of the present case: It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts; it is for the political branches of the State and Federal Governments to manage prisons in such fashion that official interference with the presentation of claims will not occur." No court has ordered the alteration of an institutional organization or procedure that has caused the prejudice to Moore in being chilled by false disciplinary of further filing against Warden J.W. Bossberger in cause 3:10-cv-00440, and turned a blind eye towards the dearth of holdings in the Ramsey Unit Law Library necessary to file in its own court, Probate Code, Education, Occupations, Local Government Codes Annotated, etc.

**Intervenor** Moore in this cause does not demand permanent provision of counsel, the Constitution does not require that, however Justice SOUTER suggested that he would waive an actual-injury requirement in cases "involving substantial, systemic deprivation of access to court" — this being "a direct, substantial and continuous ... limit on legal materials." Denial of access to the courts could not possibly cause the harm of inadequate libraries, but only the harm of lost, rejected, or impeded legal claims, the provision of adequate electronic accessibility to a federal depository library program the which would —if ordered by the court— alleviate. Along with the political branch — which the Attorney General Assistant defending this case on behalf of TDCJ could conceivably provide by refusing to defend such official systemic deprivations/limit on legal materials, as required by the Americans With Disabilities Act to prohibit— this court should provide injunctive relief in the form of an order to TDCJ to afford accessibility to that the Congress has already decided is in the interests of society —all of the laws of the United States Government. It is indisputable that without allowing intervention this injunctive relief cannot be afforded without at least affording Moore to sever and continue his claims as a lead plaintiff and allowed to present evidence of actual injury on behalf of all similary situated offenders past and present. Not presented on the record is that Moore has inherited a large amount of money that will be dedicated to this cause, advertisements in human rights defense magazines, "orgs" and the like in theinterests of justice. This is a case of general importance to a large swath of the population in Texas prisons and is a source of empowerment to the disabled that should not be summarily dismissed because of a motion to strike. The demarcation line between civil rights action and habeas petitions is not always clear. The tools needed are those needed to attack sentences, and conditions of confinement, minimally, and are not available. Examples of unavailability as iterated, above, and applied: Probate Code is necessary for research as, during the pendency of the rulings in the instant cause, Moore's inheritance is "held up"

that could have had a significantly different outcome (payment of fees/hiring of counsel for representation, Sixth Amendment claims, inter alia,) if not impeded by meaningful legal research prejudice caused by the lack of Probate Code Annotated research references. The Education Code may have put Moore on notice of another animus or "prejudicial disposition toward a discernible, usu. **constitution**ally protected, group of persons," i.e., prisoners. A class-based animus is an essential element of a civil-rights conspiracy case. (Black's Law Dictionary 2009 Edition in holdings most recently available from Thomson Reuters? 1-800-313-9378?) To wit: since the **filing of the appeal or just before the appeal after motion to strike** was granted Moore discovered "[e]ffective fall 2014, Senate Bill 121**0** (83rd Texas Legislature, Regular Session) requires students to meedt academic progress requirements to maintain eligibility for some exemption and waiver programs." Unfortunately, with out the Access To Courts Dept.'s required, "legal session notation" offenders are not apprised/on notice of new laws affecting their eligibility to use Hazelwood benefits (see, e.g., incorporated by reference as if fully printed herein, <u>http://www.collegeforall-</u><u>texans.com</u>, for a complete list of Exemptions and Waivers programs. The causal nexus in the disciplinary at issue in Moore's retaliation claims being that there had to have been a conspiracy of some kind to deprive Moore of his college class using the disciplinary merely as a pretext to remove Moore from class when the college, as well as security discovered they'd already allowed him to begin class that they'd "messed up" according to the new laws and made a covert **decision** to shift "liability" for the removal **to** Moore. It appears, too, there may be a claim of dis- enfranchisement, or ex post facto violative applicat**ion of** the new laws which Alvin encouraged *Moore to Violate* **Moore to violate** by signing up for more than the minimully required classes under the pretense, "you might as well, you're going to be charged the same for two classes as you would if you'd only signed up for one," during a time when this law did not exist. This would have only been pre- judicial to a person receiving application of the Senate Bill 1210, i.e., a class of prisoner known typically as a "veteran. *H*onorably discharged from serving in the U.S. Armed Forces," like Moore.

The Occupations Code has the NURSING PRACTICES ACT, for another example of denial of meaningful legal research capabilities (conditions of confinement claims by Texas' prisoners.) Moore incorporates by reference those parts of his federal civil rights action that include previously held "holdings" from which Moore discovered their applicability to Physician's Assistants, Nursing Staff of the contract medical services providers TDCJ-CID uses, that are now not on holdings (removed from shelf;) albeit they were once on the shelves, like the others found referred to, above. The Local Government Codes contain fees schedule and certain information relative to the county hospitals being responsible for inmate's/indigent's/imprisoned's medical needs. Incorporated by reference as if fully printed herein as exhibits, are copies of letters to Angela Woolam, describing Moore's intent to discover the Angleton Danberry's Hospital staff's procedures for accessing a copy of the names of the Commissioners and to forge a contract to repair Moore's hernia (policy by TDCJ/Correctional Managed Healthcare, is to deny inmates whose hernias are reducible from having surgeries to repair them no matter the disfigurement.) Facilitation by Access To Courts of the Local Government Codes Annotated, would have allowed Moore to protect himself from imminent personal injuries/exposure to unsafe conditions. The hernias Moore has are reducible by only *manipulation* last. placement (mildly) and can strangulate at any time, potentially, subject of 3:10-cv-00440, in the Galveston Division's, University of Texas Medical Branch.

WHEREFORE, Premises Considered, Moore prays the Asst. Attorney General agree to the exceptions above as true and correct **as** exceptions by signing the "AGREED" section,, below.

DAVID C. MOORE

_____
AGREED

_____
AGGRFED

PAGE > 7 OF ___

"The federal constitution ensures that evidence obtained as a result of a custodial interrogation is inadmissable unless the State can prove that proper warnings were given and show an affirmative waiver of rights." Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966); Ancira v. State, 516 S.W.2d 924, 926 (Tex.Crim.App. 1974).



DAVID CASH MOORE
TDCJ-CID 801362
RAMSEY ONE UNIT
1100 FM 655
ROSHARON, TX 77583-7670

NORTH HOUSTON TX 77~

11 MAR 2015 PM 2 ~

LEGAL MAIL

RECEIVED OF APPEALS
FIRST COURT OF TEXAS
HOUSTON, TEXAS

MAR 1 3 2015

CHRISTOPHER A. PRINE
CLERK

HONORABLE JANE BLAND, ACTING
INDIVIDUALLY, JUSTICE
FIRST DISTRICT OF TEXAS APPEALS COURT
301 FANNIN STREET
HOUSTON      TX      77002-2066

77002206699